CV 17- 00203

FILED
CLERK

Brooklyn Office 01/13/2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
~~LONG ISLAND OFFICE~~

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SONIA CANALES, SABINA MOLINA, and MELIDA URRUTIA, individually and on behalf of all others similarly situated,

                     Plaintiffs,

-against-

CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY, CLINTON DELI II INC. d/b/a CLINTON DELI II, and JOSE RICARDO DIAZ and BLANCA RIVERA DIAZ, as individuals,

                     Defendants.
-------------------------------------------------------------------X

FEUERSTEIN, J.

LINDSAY, M.J.

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, **SONIA CANALES, SABINA MOLINA, and MELIDA URRUTIA, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, **SONIA CANALES, SABINA MOLINA, and MELIDA URRUTIA, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY, CLINTON DELI II INC. d/b/a CLINTON DELI II, and JOSE RICARDO DIAZ and BLANCA RIVERA DIAZ, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime, arising out of

1

Plaintiffs' employment at CLINTON DELI II located at 159 Baldwin Road, Hempstead, New York 11550.

2. Plaintiff **SONIA CANALES** was employed by Defendants at CLINTON DELI II located at 159 Baldwin Road, Hempstead, New York 11550, as a food preparer, cleaner, and performing other miscellaneous duties from in or around September 2015 until in or around September 2016.

3. Plaintiff **SABINA MOLINA** was employed by Defendants at CLINTON DELI II located at 159 Baldwin Road, Hempstead, New York 11550, as a food preparer, cleaner, and performing other miscellaneous duties from in or around January 2013 until in or around September 2016.

4. Plaintiff **MELIDA URRUTIA** was employed by Defendants at CLINTON DELI II located at 159 Baldwin Road, Hempstead, New York 11550, as a food preparer, cleaner, and performing other miscellaneous duties from in or around March 2015 until in or around September 2015.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff **SONIA CANALES** was employed by Defendants at CLINTON DELI II located at 159 Baldwin Road, Hempstead, New York 11550, as a food preparer, cleaner, and performing other miscellaneous duties from in or around September 2015 until in or around September 2016.

2

10. Plaintiff **SABINA MOLINA** was employed by Defendants at CLINTON DELI II located at 159 Baldwin Road, Hempstead, New York 11550, as a food preparer, cleaner, and performing other miscellaneous duties from in or around January 2013 until in or around September 2016.

11. Plaintiff **MELIDA URRUTIA** was employed by Defendants at CLINTON DELI II located at 159 Baldwin Road, Hempstead, New York 11550, as a food preparer, cleaner, and performing other miscellaneous duties from in or around March 2015 until in or around September 2015.

12. Upon information and belief, Defendant, CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY, is a corporation organized under the laws of New York with a principal executive office at located at 420 Clinton Avenue, Hempstead, New York 11550.

13. Upon information and belief, Defendant, CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY, is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant JOSE RICARDO DIAZ owns and/or operates CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.

15. Upon information and belief, Defendant JOSE RICARDO DIAZ manages CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.

16. Upon information and belief, Defendant JOSE RICARDO DIAZ is the Chairman of the Board of CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.

17. Upon information and belief, Defendant JOSE RICARDO DIAZ is the Chief Executive Officer of CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.

18. Upon information and belief, Defendant JOSE RICARDO DIAZ is an agent of CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.

19. Upon information and belief, Defendant JOSE RICARDO DIAZ has power over personnel decisions at CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.

20. Upon information and belief, Defendant JOSE RICARDO DIAZ has power over payroll decisions at CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
21. Defendant JOSE RICARDO DIAZ has the power to hire and fire employees at CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY, establish and pay their wages, set their work schedule, and maintains their employment records.
22. During all relevant times herein, Defendant JOSE RICARDO DIAZ was Plaintiffs' employer within the meaning of the FLSA and NYLL.
23. Upon information and belief, Defendant BLANCA RIVERA DIAZ owns and/or operates CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
24. Upon information and belief, Defendant BLANCA RIVERA DIAZ manages CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
25. Upon information and belief, Defendant BLANCA RIVERA DIAZ is the Chairman of the Board of CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
26. Upon information and belief, Defendant BLANCA RIVERA DIAZ is the Chief Executive Officer of CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
27. Upon information and belief, Defendant BLANCA RIVERA DIAZ is an agent of CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
28. Upon information and belief, Defendant BLANCA RIVERA DIAZ has power over personnel decisions at CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
29. Upon information and belief, Defendant BLANCA RIVERA DIAZ has power over payroll decisions at CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY.
30. Defendant BLANCA RIVERA DIAZ has the power to hire and fire employees at CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY, establish and pay their wages, set their work schedule, and maintains their employment records.

31. During all relevant times herein, Defendant BLANCA RIVERA DIAZ was Plaintiffs' employer within the meaning of the FLSA and NYLL.

32. Upon information and belief, Defendant, CLINTON DELI II INC. D/B/A CLINTON DELI II, is a corporation organized under the laws of New York with a principal executive office at located at 159 Baldwin Road, Hempstead, New York 11550.

33. Upon information and belief, Defendant, CLINTON DELI II INC. D/B/A CLINTON DELI II, is a corporation authorized to do business under the laws of New York.

34. Upon information and belief, Defendant JOSE RICARDO DIAZ owns and/or operates CLINTON DELI II INC. D/B/A CLINTON DELI II.

35. Upon information and belief, Defendant JOSE RICARDO DIAZ manages CLINTON DELI II INC. D/B/A CLINTON DELI II.

36. Upon information and belief, Defendant JOSE RICARDO DIAZ is the Chairman of the Board of CLINTON DELI II INC. D/B/A CLINTON DELI II.

37. Upon information and belief, Defendant JOSE RICARDO DIAZ is the Chief Executive Officer of CLINTON DELI II INC. D/B/A CLINTON DELI II.

38. Upon information and belief, Defendant JOSE RICARDO DIAZ is an agent of CLINTON DELI II INC. D/B/A CLINTON DELI II.

39. Upon information and belief, Defendant JOSE RICARDO DIAZ has power over personnel decisions at CLINTON DELI II INC. D/B/A CLINTON DELI II.

40. Upon information and belief, Defendant JOSE RICARDO DIAZ has power over payroll decisions at CLINTON DELI II INC. D/B/A CLINTON DELI II.

41. Defendant JOSE RICARDO DIAZ has the power to hire and fire employees at CLINTON DELI II INC. D/B/A CLINTON DELI II, establish and pay their wages, set their work schedule, and maintains their employment records.

42. During all relevant times herein, Defendant JOSE RICARDO DIAZ was Plaintiffs' employer within the meaning of the FLSA and NYLL.

43. Upon information and belief, Defendant BLANCA RIVERA DIAZ owns and/or operates CLINTON DELI II INC. D/B/A CLINTON DELI II.

44. Upon information and belief, Defendant BLANCA RIVERA DIAZ manages CLINTON DELI II INC. D/B/A CLINTON DELI II.

45. Upon information and belief, Defendant BLANCA RIVERA DIAZ is the Chairman of the Board of CLINTON DELI II INC. D/B/A CLINTON DELI II.
46. Upon information and belief, Defendant BLANCA RIVERA DIAZ is the Chief Executive Officer of CLINTON DELI II INC. D/B/A CLINTON DELI II.
47. Upon information and belief, Defendant BLANCA RIVERA DIAZ is an agent of CLINTON DELI II INC. D/B/A CLINTON DELI II.
48. Upon information and belief, Defendant BLANCA RIVERA DIAZ has power over personnel decisions at CLINTON DELI II INC. D/B/A CLINTON DELI II.
49. Upon information and belief, Defendant BLANCA RIVERA DIAZ has power over payroll decisions at CLINTON DELI II INC. D/B/A CLINTON DELI II.
50. Defendant BLANCA RIVERA DIAZ has the power to hire and fire employees at CLINTON DELI II INC. D/B/A CLINTON DELI II, establish and pay their wages, set their work schedule, and maintains their employment records.
51. During all relevant times herein, Defendant BLANCA RIVERA DIAZ was Plaintiffs' employer within the meaning of the FLSA and NYLL.
52. On information and belief, CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
53. On information and belief, CLINTON DELI II INC. D/B/A CLINTON DELI II is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

54. Plaintiff **SONIA CANALES** was employed by Defendants from in or around September 2015 until in or around September 2016.

55. Upon information and belief, Plaintiff **SONIA CANALES** worked approximately 64 (sixty-four) hours or more per week from in or around September 2015 until in or around September 2016.

56. Plaintiff **SONIA CANALES** was paid by Defendants approximately $360.00 per week from in or around September 2015 until in or around September 2016.

57. Defendants failed to pay Plaintiff **SONIA CANALES** the legally prescribed minimum wage for her hours worked from in or around September 2015 until in or around September 2016, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

58. Although Plaintiff **SONIA CANALES** worked approximately 64 (sixty-four) hours or more per week from in or around September 2015 until in or around September 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

59. Plaintiff **SABINA MOLINA** was employed by Defendants from in or around January 2013 until in or around September 2016.

60. Upon information and belief, Plaintiff **SABINA MOLINA** worked approximately 60 (sixty) hours or more per week from in or around January 2013 until in or around September 2016.

61. Plaintiff **SABINA MOLINA** was paid by Defendants approximately $360.00 per week from in or around January 2013 until in or around September 2016.

62. Defendants failed to pay Plaintiff **SABINA MOLINA** the legally prescribed minimum wage for her hours worked from in or around January 2013 until in or around September 2016, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

63. Although Plaintiff **SABINA MOLINA** worked approximately 60 (sixty) hours or more per week from in or around May 2014 until in or around May 2016, Defendants

did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

64. Plaintiff **MELIDA URRUTIA** was employed by Defendants from in or around March 2015 until in or around September 2015.

65. Upon information and belief, Plaintiff **MELIDA URRUTIA** worked approximately 63 (sixty-three) hours or more per week from in or around March 2015 until in or around September 2015.

66. Plaintiff **MELIDA URRUTIA** was paid by Defendants approximately $360.00 per week from in or around March 2015 until in or around September 2015.

67. Defendants failed to pay Plaintiff **MELIDA URRUTIA** the legally prescribed minimum wage for her hours worked from in or around March 2015 until in or around September 2015, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

68. Although Plaintiff **MELIDA URRUTIA** worked approximately 63 (sixty-three) hours or more per week from in or around March 2015 until in or around September 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

69. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

70. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

71. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

72. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

73. Collective Class: All persons who are or have been employed by the Defendants as cleaners, food preparers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages and overtime wages.

74. Upon information and belief, Defendants employed between 10 and 15 employees within the past three years subjected to similar payment structures.

75. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

76. Upon information and belief, Defendants failed to properly pay statutorily mandated minimum wage amounts pursuant to the FLSA and NYLL.

77. Upon information and belief, Defendants failed to provide wage notices and statements in Plaintiffs' primary language.

78. Defendants' unlawful conduct has been widespread, repeated, and consistent.

79. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and spread of hours compensation.

80. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

81. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and minimum wage pay in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the

9

present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

82. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

83. The claims of Plaintiff are typical of the claims of the putative class.

84. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

85. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

87. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

88. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

89. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

90. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

91. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

92. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

95. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

96. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

99. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

100. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

101. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

102. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

103. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

104. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

107. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

108. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

109. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

110. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

111. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

113. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

114. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

115. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

116. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 4th day of January 2017.

_____
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SONIA CANALES and SABINA MOLINA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY, CLINTON DELI II INC. d/b/a CLINTON DELI II, and JOSE RICARDO DIAZ and BLANCA RIVERA DIAZ, as individuals,

Defendants.

---

## SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**CLINTON DELICATESSEN INC. d/b/a CLINTON DELI AND GROCERY**
**420 CLINTON AVENUE**
**HEMPSTEAD, NEW YORK 11550**

**CLINTON DELI II INC. d/b/a CLINTON DELI II**
**159 BALDWIN ROAD**
**HEMPSTEAD, NEW YORK 11550**

**JOSE RICARDO DIAZ**
**159 BALDWIN ROAD**
**HEMPSTEAD, NEW YORK 11550**

**BLANCA RIVERA DIAZ**
**159 BALDWIN ROAD**
**HEMPSTEAD, NEW YORK 11550**